**UNITED STATES of America,**
**Appellee,**

v.

**Goncalo RODRIGUES, Defendant–**
**Appellant.**

**No. 06–5412–cr.**

United States Court of Appeals,
Second Circuit.

July 15, 2008.

---

Ronald Resetarits, Assistant Federal Defender (Thomas G. Dennis, Federal Defender, Sarah F. Russell, Assistant Federal Defender, on the brief), Office of the Federal Defender, New Haven, CT, for Defendant–Appellant.

John H. Durham, Deputy U.S. Attorney (Kevin J. O'Connor, U.S. Attorney, on the brief, William J. Nardini, Assistant U.S. Attorney, of counsel), United States Attorney's Office for the District of Connecticut, New Haven, CT, for Appellee.

PRESENT: ROGER J. MINER, JOSEPH M. McLAUGHLIN and JOSÉ A. CABRANES, Circuit Judges.

### SUMMARY ORDER

Defendant-appellant Goncalo Rodrigues, a removed alien, appeals from a judgment of conviction pursuant to 8 U.S.C. § 1326(a)(1), (b)(2), for illegally reentering the United States after having previously committed an aggravated felony. The District Court sentenced him principally to a thirteen-month term of imprisonment pursuant to a downward departure. On appeal, Rodrigues contends that the District Court erred by denying his motion to dismiss the indictment based on an alleged deprivation of judicial review of his underlying removal proceedings. We assume the parties' familiarity with the underlying facts, the procedural history, and the issues on appeal.

Rodrigues's challenge to his order of removal is governed by 8 U.S.C. § 1326(d), which prohibits such collateral attacks unless "an alien [can] demonstrate that: (1) the alien exhausted any administrative remedies that may have been available to seek relief against the order; (2) the deportation proceedings at which the order was issued improperly deprived the alien of the opportunity for judicial review; and (3) the entry of the order was fundamentally unfair." *United States v. Lopez*, 445 F.3d 90, 94 (2d Cir.2006) (quoting 8 U.S.C. § 1326(d)). Only the second element—denial of an opportunity for judicial review—is at issue on this appeal. Rodrigues maintains that he was denied judicial review of his removal proceedings because (a) he was misinformed by the Immigration Judge ("IJ") and the Bureau of Immigration Appeals ("BIA") that he was ineligible for relief under section 212(c) of the Immigration and Nationality Act and was then deported only fourteen weeks after the BIA dismissed his appeal; and, in the alternative, (b) he received ineffective assistance of counsel during his removal proceedings.

With respect to the misinformation provided by the IJ and BIA, we have previously held that an "IJ and BIA's affirmative misstatements to [an alien] that he was not eligible for any relief from

deportation [can] function[ ] as a deterrent to seeking relief . . . [and thereby] den[y] a realistic opportunity for judicial review within the meaning of § 1326(d)(2)." *Id.* at 100. Here, however, the District Court found that it was not the representations of the IJ and BIA as to the availability of section 212(c) relief that deterred Rodrigues from seeking further relief, but a fee dispute with his attorneys, Carlos Santos and Edward Fitzpatrick. According to the District Court,

> This is not a case where defendant was erroneously advised that no appeal or avenue for relief was available at all. Here, the IJ's decision notes that appeal was reserved, and Santos did appeal to the BIA on Rodrigues'[s] behalf. After the BIA dismissed the appeal, Santos was prepared to file either a petition for review or for habeas corpus, or to refer Rodrigues to an experienced immigration attorney, had Rodrigues been able or willing to pay the required fee. Instead, Rodrigues got into a dispute with Fitzpatrick and failed or refused to pursue further proceedings because he believed Fitzpatrick owed him money. Rather than pursuing additional legal avenues or tapping other financial resources to pay additional attorney fees, Rodrigues voluntarily surrendered for removal.

*United States v. Rodrigues,* No. 05cr207, 2006 WL 1525948, at *6, 2006 U.S. Dist. LEXIS 34639, at *18–19 (D.Conn. May 31, 2006) (internal citations and footnote omitted). We review the District Court's factual findings for clear error, *see United States v. Calderon,* 391 F.3d 370, 375 (2d Cir.2004), and see none here. At the hearing, the District Court heard testimony from both Rodrigues and Attorney Santos. The Court "credit[ed] Santos'[s] testimony that the reason he did not undertake further legal representation of Rodrigues was that Rodrigues and Attorney Fitzpatrick had an unresolved dispute over fees, and

after the dispute arose, Rodrigues had no further contact with the firm." *Rodrigues,* 2006 WL 1525948, at *5, 2006 U.S. Dist. LEXIS 34639, at *16. In contrast, the District Court noted "infirmities in Rodrigues'[s] recall and accuracy," and found that "his testimony that Santos told him that the 'laws were locked' and there were no further legal steps to be taken in his case lack[ed] persuasiveness." *Id.* at *6, 2006 U.S. Dist. LEXIS 34639, at *17. Nothing in the record causes us to doubt the accuracy of these findings, much less conclude that they are clearly erroneous, and we therefore reject Rodrigues's contention that misstatements of the IJ and BIA deterred him from seeking judicial review of his order of deportation.

■ Turning to the adequacy of the representation Rodrigues received during his removal proceedings, we observe that "for an alien to prevail on a claim of ineffective assistance of counsel, he or she must show that his counsel's performance was so ineffective as to have impinged upon the fundamental fairness of the hearing in violation of the [F]ifth [A]mendment [D]ue process [C]lause." *United States v. Perez,* 330 F.3d 97, 101 (2d Cir.2003) (internal quotation marks omitted). Rodrigues contends that he has made this showing because Attorney Santos (1) "plainly had a duty to consult with him regarding a habeas petition after the BIA dismissed the appeal," (2) should have "provided Rodrigues with sufficient information so that Rodrigues could have made an intelligent decision whether to pursue his case further," (3) should "have clarified with Mr. Rodrigues whether he wanted to abandon efforts to avoid deportation," and (4) should have "told Mr. Rodrigues the proper court in which to file a *pro se* request for relief and the applicable deadline for requesting relief." In light of the District Court's finding that a fee dispute severed Rodrigues's relationship with his

attorneys before they had discussed his options for further review of the BIA's order, it is unclear when Attorney Santos should have undertaken these efforts. In addition, the District Court found that Santos provided competent representation to Rodrigues, explaining that "Santos clearly understood and pressed the key issue in Rodrigues'[s] claim for § 212(c) relief," *Rodrigues,* 2003 WL 21101289, at *5, 2006 U.S. Dist. LEXIS 34639, at *16, and that "Santos did file a Section 212(c) application on Rodrigues'[s] behalf before the IJ, and did challenge the denial of the application before the BIA, and was prepared to make the same argument in the federal courts," *id.* at *6, 2006 U.S. Dist. LEXIS 34639, at *18 n. 7. Based on these findings and our review of the record, we see no basis to conclude that the representation Rodrigues received during his removal proceedings "impinged upon the fundamental fairness of the hearing." *Perez,* 330 F.3d at 101.

Accordingly, neither the misstatements of the IJ and BIA nor the performance of counsel improperly deprived Rodrigues of the opportunity for judicial review of his removal proceedings. Because Rodrigues's collateral attack on the order of removal underlying his conviction for illegal reentry lacks merit, we AFFIRM the judgment of the District Court.